UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RESHIDA MOON, et. al,

        Plaintiffs,                         Civil Action No. 14-CV-10195
                                               HON. BERNARD A. FRIEDMAN

vs.

MILLICENT WARREN., et. al,

        Defendants.

_____/

**OPINION AND ORDER SUMMARILY DISMISSING COMPLAINT**

      This is a prisoner civil rights case brought pursuant to 42 U.S.C. § 1983.  Plaintiffs Reshida Moon, Iesha Northington, Ursula Heard, and Shavonne Davis, are Michigan prisoners confined at the Women's Huron Valley  Correctional Facility located in Ypsilanti, Michigan. The Court has reviewed the complaint and dismisses it without prejudice as to the plaintiffs filing individual complaints.

I.    **Background**

      Plaintiffs are suing ninety-two (92) individually named defendants, all of whom appear to be either employees of the Michigan Department of Corrections ("MDOC") or medical care providers.  The complaint is divided into four sections in which each named plaintiff sets forth her allegations against overlapping sets of the named defendants.  While plaintiffs all complain about the provision of medical services by MDOC, they describe separate instances of inadequate treatment.  Scattered throughout the complaint are also claims of retaliation by several defendants.

II.    **Discussion**

      The Court dismisses the complaint without prejudice because plaintiffs have improperly

joined their claims. The Court is aware that the joinder of claims, parties, and remedies is "strongly encouraged" when appropriate to further judicial economy and fairness. *See United Mine Workers of America v. Gibbs*, 383 U.S. 715, 724 (1966). In fact, Fed. R. Civ. P. 20(a)(1), indicates that "[p]ersons may join in one action as plaintiffs if: (A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all plaintiffs will arise in the action."

Notwithstanding Fed. R. Civ. P. 20(a)(1), there remain "pervasive impracticalities associated with multiple-plaintiff prisoner litigation, which militates against permissive joinder even if it were otherwise allowed by Rule 20(a)." *Proctor v. Applegate*, 661 F. Supp. 2d 743, 780 (E.D. Mich. 2009) (citing *Boretsky v. Corzine*, No. 08-2265, 2008 U.S. Dist. LEXIS 48003, at *5 (D.N.J. Jun. 23, 2008)). Several of the problems that arise from multiple plaintiff prisoner litigation include the "need for each plaintiff to sign every pleading, and the consequent possibilities that documents may be changed as they are circulated, or that prisoners may seek to compel prison authorities to permit them to gather to discuss the joint litigation." *Id.* (quoting *Boretsky*, 2008 U.S. Dist. LEXIS 48003, at *16). Moreover, allowing multiple prisoner-plaintiffs to proceed in a single action "invites violations of Rule 11(a), which requires every pleading to be signed by all pro se plaintiffs." *Proctor*, 661 F. Supp. 2d at 780 (citing *Ghashiyah v. Frank*, No. 05-0766, 2008 U.S. Dist. LEXIS 18378, at *11-12 (E.D.Wis. Mar. 10, 2008). Multiple plaintiff prisoner cases like these not only run the risk that pleadings may be filed on behalf of the other plaintiffs without their consent. *Id.* They face the additional problem that "jail populations are notably transitory, making joint litigation difficult." *Id.* (quoting *Boretsky*, 2008 U.S. Dist. LEXIS 48003, at *16). Moreover, the ability to

resolve "individualized questions of fact and law surrounding the requirement for exhaustion of administrative remedies under 42 U.S.C. § 1997e(a)," *id*. (quoting *Boretsky*, 2008 U.S. Dist. LEXIS 48003, at *16), would otherwise become unwieldy.

In view of the foregoing, the Court will dismiss the complaint without prejudice to the individual plaintiffs filing complaints on their own behalf. Accordingly,

IT IS ORDERED that the complaint is dismissed without prejudice as to the individual plaintiffs each filing complaints on their own behalf.

Dated: March 27, 2014                 S/ Bernard A. Friedman_____
                                             BERNARD A. FRIEDMAN
                                             SENIOR UNITED STATES DISTRICT JUDGE